**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-60644

LENARD G. GIBBS,

Plaintiff-Appellant,

VERSUS

H.M. (MACK) GRIMMETTE, et al.,

Defendants

H.M. (MACK) GRIMMETTE, Sheriff of Bolivar County, MS;
CHARLES (MOON) ANDERSON, Jail Administrator of Bolivar
County, MS

Defendants-Appellees.

*****************************
No. 98-60809

LENARD G. GIBBS,

Plaintiff-Appellant,

VERSUS

H.M. (MACK) GRIMMETTE, et al.,

Defendants

CHARLES (MOON) ANDERSON, Jail Administrator of Bolivar County MS;
WILLIE DIXON; ALIENE DOWNS, RN; MANDY PREWITT, RN;
JANE SHOOK, RN,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi, Oxford

June 15, 2001

1

Before STEWART, PARKER, Circuit Judges, and GOLDBERG, Judge.[*]

ROBERT M. PARKER, Circuit Judge:

This case involves a claim under 42 U.S.C. § 1983 by Appellant Lenard G. Gibbs, a pretrial detainee, against Sheriff Mack Grimmette, two county deputies, and three nurses from the Bolivar County Department of Health for failure to administer Gibbs a tuberculosis skin test. Gibbs appeals from the district court's order granting Sheriff Grimmette's motion for summary judgment and the court's order granting the remaining defendants' motion for judgment as a matter of law.

## I.

Lenard Gibbs was confined in the Bolivar County Jail in Bolivar County, Mississippi from December of 1992 to July of 1993. In January of 1993, three nurses, acting on behalf of the Mississippi Department of Corrections, arrived at the Bolivar County Jail to administer tuberculosis skin tests on state inmates. Gibbs claimed that he requested the test, but prison officials and the nurses from the health department refused his request because he was a pretrial detainee. Upon his transfer to another correction facility in August of 1993, Gibbs tested positive for tuberculosis.

Gibbs filed suit under 42 U.S.C. § 1983 against H.M. Grimmette, Sheriff of Bolivar County, Charles Anderson, an administrator at the Bolivar County Jail, Willie Dixon, the head jailer at the Bolivar

---

[*]Judge of the United States Court of International Trade, sitting by designation.

County Jail, the Bolivar County Health Department, the Mississippi State Department of Health, and three nurses from the Bolivar County Health Department, Aliene Downs, Mandy Prewitt, and Jane Shook. Gibbs claimed that, had he been tested earlier, he could have avoided exposure to the disease or received preventative medication that would have allayed his mental anguish. Gibbs argued that his request for the tuberculosis test was denied even though the defendants knew that there was a high risk of tuberculosis in the Bolivar County Jail. Gibbs also maintained that the preventative medication damaged his liver and heart. According to Gibbs, this amounted to deliberate indifference to his medical needs.

The district court dismissed the Mississippi Department of Health and granted summary judgment dismissing all claims against Sheriff Grimmette as well as some of Gibb's claims against Anderson and Dixon. Gibbs filed two Rule 60(b) motions seeking reinstatement of his claims against Sheriff Grimmette. The district court denied both motions, but never entered a final judgment. Gibbs filed a notice of appeal after the district court denied his second motion. The appeal was designated case number 98-60644.

Gibbs proceeded to trial against the remaining defendants. At the close of Gibbs' case, the district court granted the defendants' motion for judgment as a matter of law. The court determined that the three nurses did not violate Gibbs' constitutional rights and therefore were entitled to qualified immunity. The court also concluded that testing for tuberculosis in January as opposed to

August would not have altered the treatment or diagnosis of the disease and that, in any event, Gibbs had not developed an active case. Because Gibbs suffered no injury, the district court determined that there was no factual issue for the jury and dismissed the remaining claims against Anderson and Dixon. Gibbs filed a notice of appeal from the district court's final judgment. The clerk of this Court designated the appeal as case number 98-60809 and consolidated the appeal with case number 98-60644.

II.

We first address whether the district court erred by granting the defendants' motion for judgment as a matter of law. We review the district court's order under a de novo standard, examining the evidence in the light most favorable to the nonmovant. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 221 (5th Cir. 2000). Judgment as a matter of law is appropriate if "the facts and inferences point so strongly and overwhelmingly in favor of the moving party [that] no reasonable jurors could have arrived at a contrary verdict." *See McCoy v. Hernandez*, 203 F.3d 371, 374 (5th Cir. 2000). "A mere scintilla of evidence is insufficient to present a question for the jury . . .." *Boeing Co. v. Shipman*, 411 F.2d 365, 374-74 (5th Cir. 1969) (en banc).

Defendants Charles Anderson, Willie Dixon, and the three nurses

from the Bolivar County Health Department were entitled to qualified immunity as long as their conduct did not violate a clearly established statutory or constitutional right of which a reasonable person should have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Under Mississippi statute, correctional facilities are required to administer tuberculosis tests to state offenders, federal offenders and offenders from any other jurisdiction. *See* MISS. CODE ANN. § 41-23-1(10). The statute does not consider pretrial detainees. Gibbs therefore did not have a statutory right to tuberculosis testing.[1]

"The constitutional rights of a pretrial detainee flow from the procedural and substantive due process guarantees of the Fourteenth Amendment . . .." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Gibbs argues that pretrial detainees should have the same access to medical care as state inmates under the Fourteenth Amendment. He suggests that local policies which preclude pretrial

---

[1]Gibbs claims that he has a liberty interest under the Mississippi laws that require the Board of Health to enact regulations for the prevention of disease. State-created liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995). The denial of a tuberculosis skin test does not amount to the deprivation of a liberty interest implicating Gibbs' right to due process under the Fourteenth Amendment. *See Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999).

5

detainees from mandatory tuberculosis testing are unconstitutional when state inmates are tested annually pursuant to state law.

This Court has recognized that there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care. *See Hare v. City of Corinth, MS*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Although we have not required correctional facilities to apply identical measures for preventing the spread of communicable diseases, we have applied the same standard for assessing the constitutional claims of both pretrial detainees and state inmates. *See id*. *See also Barrie v. Grand County, Utah*, 119 F.3d 862, 868-69 (10th Cir. 1997) (holding that pretrial detainees are owed the same duty of medical care as pretrial detainees). When the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate. *See id.* at 645, 647 (citing *Farmer v. Brennan*, 511 U.S. 825(1994)); *Sibley v. Lemaire*, 184 F.3d 481, 489 (5th Cir. 1999), *cert. denied*, 529 U.S. 1019 (2000).[2] We therefore do not require identical

---

[2]The appropriate standard to apply in analyzing constitutional challenges by pretrial detainees depends on whether the alleged unconstitutional conduct is a "condition of confinement" or "episodic act or omission." *See Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc). When the alleged constitutional violation is a particular act or omission by an individual that points to a derivative policy or custom of the municipality, we

procedures for detecting communicable diseases as long as the failure to detect an illness does not amount to deliberate indifference to a pretrial detainee's basic medical needs.

To prove deliberate indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Deliberate indifference is more than mere negligence in failing to supply medical treatment. *See id.; Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982). Disagreement with medical treatment alone cannot support a claim under § 1983. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Gibbs argues that the defendants' refusal to administer the tuberculosis test upon his request amounted to deliberate indifference to his medical needs. Gibbs complains first of the defendants' individual omissions and then points derivatively to the policy of the Sheriff of Bolivar County. *See Scott*, 114 F.3d at 53. We analyze an official's personal liability for discrete acts or omissions under a subjective deliberate indifference test. A municipality's liability for an alleged unconstitutional policy or custom, however, requires an objective analysis. *See Olabisiomotosho*, 185 F.3d at 526.

The undisputed testimony from two expert witnesses established

---

apply the deliberate indifference standard. *See id*. at 53-54. Gibbs' complaint that the defendants refused to test him for tuberculosis qualifies as an "episodic act or omission."

7

that only an active case of tuberculosis is contagious.  Exposure to an individual with an active case of tuberculosis may result in the production of antibodies which would produce a positive skin test in the tested individual.  If the skin of the tested individual exhibits a certain degree of reaction, a chest x-ray is recommended to determine if there is evidence of tuberculosis symptoms.  The separation of other inmates from the tested individual is only necessary if the individual has objective symptoms of tuberculosis in addition to the skin test.  In addition, mere exposure to an individual who has a positive skin test does not require the person to be tested for the disease.  An individual suffering from an active case of tuberculosis would have the symptoms of an abnormal chest x-ray, coughing up blood, losing weight, running fever, and experiencing night sweats.

If an individual formerly tested negative and then receives a positive skin test result, it is an indication that he has been exposed to a person with active tuberculosis.  A positive skin test result does not mean that the person will exhibit symptoms of tuberculosis in the future.  It cannot be determined whether the tested individual had been exposed to tuberculosis a month or six months before showing a positive skin test.

Gibbs was incarcerated at the Bolivar County Jail as a pretrial detainee on December 23, 1992, and remained in that facility until he was transferred as a convicted state prisoner on  July 28, 1993. Gibbs testified that he tested negative for tuberculosis four months

before he was incarcerated.

Officials at the Bolivar County Jail received information from a health center in mid-December 1992 that an inmate, who had been transferred to the jail the prior evening, was undergoing treatment for an active case of tuberculosis. Deputy Anderson testified that the inmate was immediately transferred from the jail. Nurses from the health department tested inmates who came into contact with the infected individual, but the test results were negative. According to medical testimony, it was unnecessary to test everyone in the jail because of the brief period in which the infected inmate was incarcerated.

Pursuant to state law, nurses Downs, Prewitt and Shook tested state inmates for tuberculosis on January 11, 1993. Gibbs testified that his alleged requests for the test in January were denied by the nurses and the prison officials. He claimed that one inmate who tested positive for exposure to the disease subsequently exhibited signs of an active case. According to expert witness Dr. John Dial, an employee of the Mississippi Department of Corrections, there was no evidence or diagnosis of an active case of tuberculosis in the Bolivar County Jail to which Gibbs could have been exposed.

Because the defendants did not know of any diagnosed active cases of tuberculosis that could have infected Gibbs, they did not act with subjective deliberate indifference by refusing to administer the skin test. *See Scott v. Moore*, 114 F.3d at 54. In

9

addition, the general policy of the Bolivar County Jail and Bolivar County Health Department to require testing of only those individuals who show symptoms of active tuberculosis or those who have come into contact with an infected individual does not amount to objective deliberate indifference to the medical needs of pretrial detainees. *See id.* If Gibbs was exposed to tuberculosis during his incarceration at the facility, then failure of the jail and health department officials to detect an active case of tuberculosis amounted to, at most, negligence, which is not actionable under § 1983. We therefore conclude that the trial court did not err in granting the defendants' motion for summary judgment.[3]

## II.

Gibbs argues that the district court erred by granting Sheriff Grimmette's motion for summary judgment. Gibbs filed a notice of appeal from the district court's denial of his Rule 60(b) motion. "Where, as here, an action involves multiple parties, a disposition

---

[3]We note that the record shows that Gibbs was not physically injured from receiving the test in August instead of January. Diagnosis and treatment of the disease in January as opposed to August would have been the same. Gibbs has never exhibited signs of an active case of tuberculosis, and after receiving preventative medication, the likelihood that he ever will show symptoms of the disease is extremely low.

Gibbs claims that the preventative medication damaged his heart and liver, but we fail to see how the defendants' refusal to test him for the disease caused these alleged injuries. The preventative treatment given to Gibbs after the August skin test was not, by itself, deliberate indifference to his medical needs.

10

of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court under Federal Rule of Civil Procedure 54(b)." *Transit Mgmt. of Southeast Louisiana, Inc. v. Group Ins. Admin., Inc.*, 226 F.3d 376, 381 (5th Cir. 2000). When "the record clearly indicates that the district court failed to adjudicate the rights and liabilities of all parties, the order is not, and cannot be presumed to be final, irrespective of the district court's intent." *Witherspoon v. White*, 111 F.3d 399, 402 (5th Cir. 1997). We therefore dismiss Gibbs appeal for lack of jurisdiction in case number 98-60644.

The district court entered its final judgment dismissing Gibbs claims against all the defendants on December 10, 1998. Gibbs filed a notice of appeal from the judgment on December 21, 1998, over which this Court has appellate jurisdiction. Because the Sheriff's policy for detecting and treating tuberculosis did not amount to deliberate indifference and becasue the Sheriff had no personal knowledge of Gibbs' desire to be tested, the district court's final judgment dismissing the claims against the Sheriff in both his official and individual capacities is affirmed.[4]

III.

---

[4]Gibbs complains that Dr. Alfio Rausa was a named defendant and was the county health officer responsible for enforcing the rules and regulations necessary to prevent the spread of contagious diseases. Regardless of whether or not Gibbs adequately amended his complaint to add Dr. Rausa as a defendant, his potential claims against the doctor would be dismissed as a matter of law.

While state inmates and pretrial detainees risk tuberculosis infection while incarcerated in the Bolivar County Jail, we do not think that the lack of mandatory skin tests for all pretrial detainees amounts to deliberate indifference to their medical needs. We therefore affirm the district court's final judgment and deny any other relief Gibbs requests on appeal.

AFFIRMED