IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41311
Summary Calendar
_____

MICHAEL WAYNE SMITH,

                                    Plaintiff-Appellant,

versus


D. WELLS, In her individual capacity; M. CARLIN, in her
individual capacity; P. LUNSFORD, in her individual capacity;
P. WATERS, in her official & individual capacities; PEREZ,
Doctor; S. CHRISTENSEN, in her individual & official capacities;
JANE DOE, Dermatologist University of Texas, Medical Branch,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1715
--------------------
May 9, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Michael Wayne Smith appeals the dismissal of his 42 U.S.C.

§ 1983 complaint against the above-named defendants as frivolous

and for failure to state a claim, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(I) & (ii).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Smith argues that he was a pretrial detainee at the time of the events alleged in his complaint, and that the district court therefore erred in analyzing his claims against a deliberate indifference standard. Smith contends that the district court should have made further inquiry into his pretrial detainee status.

Despite Smith's argument against application of the deliberate indifference standard, he argues that the district court erred in failing to find that nurses at the Orange County Jail (Jail) acted deliberately indifferent when they denied Smith a follow-up visit with his dermatologist (Dr. Doe). He also challenges the district court's dismissal of his failure-to-receive-antihistamine claim, arguing that the district court erred in it factual/legal determination that the Jail nurses' disagreement with Dr. Doe's recommended treatment failed to constitute deliberate indifference. Because Smith does not challenge his remaining claims of deliberate indifference raised in the district court, those issues are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

We have reviewed the record and Smith's appellate brief and hold that, even accepting as true Smith's claim regarding his pretrial detainee status, the district court committed no error since the deliberate indifference standard still applies to Smith's claims. See Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001). Smith does not demonstrate that the failure to

schedule his follow-up appointment or deliver his antihistamine prescription constituted more than negligent conduct on the part of the Jail nurses.  Accordingly, the district court did not err in dismissing Smith's complaint as frivolous and for failure to state a claim.  See Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000); Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Williams v. Treen, 671 F.2d 892, 901 (5th Cir. 1982).

AFFIRMED.