IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20623
Conference Calendar
_____

RICHARD ANTHONY SALAZAR,

Plaintiff-Appellant,

versus

LT. MOORE; CAPT. ALBERTO;
BOBBY STRICKLEN; TOMMY THOMAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-4115
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Richard Anthony Salazar, Texas inmate #897679, proceeding pro se and in forma pauperis ("IFP"), appeals the district court's dismissal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2), of his 42 U.S.C. § 1983 complaint. We review a dismissal as frivolous for an abuse of discretion. Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

Salazar's contentions concerning the alleged denial of adequate medical treatment do not constitute deliberate

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indifference.  See Gibbs v. Grimmette, 254 F.3d 545, 548-49 & n.2 (5th Cir. 2001), cert. denied, 122 S. Ct. 1083 (2002).  Salazar's assertions constitute disagreement with the treatment that he received and are not actionable under 42 U.S.C. § 1983.  See Grimmette, 254 F.3d at 548-49.

Salazar has not complied with FED. R. APP. P. 28 and has not briefed sufficiently his claim concerning his confinement in lockdown.  See Grant v. Cuellar, 59 F.3d 523, 524-25 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, he has abandoned the issue.  Grant, 59 F.3d at 524-25; Yohey, 985 F.2d at 224-25.

We review Salazar's contentions, raised for the first time, that he was confined in a filthy and insect-infested cell, he was handcuffed and shackled during visitation, and he was denied contact with others and access to outside world activities for plain error only.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc).  Resolution of these issues would require factual findings, and factual issues which are capable of resolution by the district court cannot rise to the level of plain error.  United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995); Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988).

Salazar's appeal is without arguable merit and is DISMISSED as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The district court's dismissal of Salazar's 42 U.S.C. § 1983 complaint as frivolous and the dismissal of the instant appeal as frivolous count as two strikes

under 28 U.S.C. § 1915(g).  See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Salazar that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.