**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-30143

RICHARD MCKETHAN,

Plaintiff-Appellant,

versus

STATE OF LOUISIANA, etc.; ET AL.

Defendants,

STATE OF LOUISIANA, on behalf of Louisiana Department
of Public Safety and Corrections; AMANDA MOORE;
MIKE PHILLIPS; PRISON REALTY CORP; MARCELL MILLS

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana

99-CV-2283

February 19, 2003

Before GARWOOD, JONES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Richard McKethan ("McKethan") filed suit against various individuals and entities to recover damages under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq. For the following reasons, we conclude that this Court lacks appellate jurisdiction over McKethan's appeal. Accordingly, the appeal is dismissed.

PROCEDURAL HISTORY

On December 15, 1999, McKethan filed suit against the State of Louisiana, through the Department of Public Safety and Corrections, Prison Realty Corporation, Mike Phillips, Marcel Mills, and Amanda Moore (collectively "Defendants").[1] McKethan's claims arise from incidents that took place during McKethan's stay as a prisoner at the Winn Correctional Center ("Center"). In his complaint, McKethan alleged that during the time period in question, the State contracted with Correctional Corporation of America ("CCA") to operate and maintain the Center.[2] McKethan further alleged that after he left the Center, "CCA underwent a corporate reorganization and was merged into Prison Realty Corporation. Prison Realty Corporation has successor corporate liability for the acts and omissions of CCA." Prison Realty Corporation was served on June 22, 2000. In their jointly filed Answer, the Defendants admitted that CCA operated the Center at all relevant times, and that "Prison Realty Corporation is neither authorized to do, nor doing business in the State of Louisiana."

On April 5, 2001, the Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In the motion to dismiss, the Defendants stated that the Center "was owned by

---

[1] Mike Gilliam was also originally named as a defendant. He was dismissed from the suit on September 13, 2000.

[2] The parties sometimes refer to CCA as "Corrections Corporation of America" or "Correction Corporation of American."

the State of Louisiana and operated by the Prison Realty Corporation (known as the Corrections Corporation of America during the time of Mr. McKeathen's [sic] incarceration)."

On May 15, 2001, McKethan filed a motion for leave to file an amended complaint in which he stated the following:

> [T]here has been extreme confusion concerning the identity of the entity operating the Winn Correctional Center from 1994 to present due to corporate reorganizations by Prison Realty Corporation and Correction Corporation of American and that, accordingly, it is necessary to add Correctional Corporation of American as an additional defendant herein.

On May 16, 2001, the parties jointly filed Pre-Trial Stipulations in which they stated that "an amendment to add a claim against Correctional Corporation of America may be necessary if that entity is still operating in the State of Louisiana." The parties stipulated that McKethan would "seek leave of court to amend his complaint to add a claim against Correctional Corporation of America because Prison Realty Corporation no longer exists." On the same day, the district court granted McKethan leave to file his First Supplemental and Amended Complaint and McKethan did so on May 23, 2001.

In addition to adding CCA as an additional defendant, McKethan's First Supplemental and Amended Complaint amended his original complaint to state the following:

> Sometime after November of 1996, CCA underwent a corporate reorganization and was merged into Prison Realty Corporation. Prison Realty Corporation has successor corporate liability for the acts and omissions of CCA. Alternatively, while Richard McKethan was incarcerated at the Winn Correctional Center, Prison Realty Corporation was the parent corporation of CCA, and, sometime after November of 1996, Prison Realty Corporation was merged into CCA. Therefore, Prison Realty Corporation, or alternatively, CCA, was an operator of a public entity within the meaning of the ADA.

3

On June 1, 2001, CCA filed its Waiver of Service of Summons and, in conjunction with the other Defendants, filed its Answer to McKethan's First Supplemental and Amended Complaint. The Defendants, including CCA, denied each of McKethan's allegations as written. Specifically, the Defendants denied McKethan's allegation that Prison Realty Corporation had merged into CCA, or vice versa.

On August 7, 2001, the district court dismissed the claims against Marcel Mills and Amanda Moore on the basis of abandonment and the claims against the Louisiana Department of Public Safety and Corrections and Prison Realty Corporation on the basis of prescription. On January 11, 2002, the district court issued an order setting the date for trial. In its order, the district court referenced "the apparent fact that Mr. Michael Phillips is the ONLY defendant remaining in this case." (emphasis in original). On January 14, 2002, the district court entered a judgment dismissing all claims against Mike Phillips and issued a Memorandum Ruling explaining its reasons for doing so. In the Memorandum Ruling, the district court stated the following:

> The defendants in this action include the following parties: (1) the State of Louisiana, through the Department of Public Safety; (2) Correctional Corporation of America; (3) Mike Gilliam; (4) Amanda Moore ("Moore"); (5) Marcel Mills ("Mills"); (6) Mike Phillips ("Phillips"). . . . Currently, the only remaining defendant in this action is Phillips.

McKethan appeals the district court's dismissals entered on August 7, 2001 and January 14, 2002.

## DISCUSSION

We are obliged to raise the issue of this Court's appellate jurisdiction over this appeal. See United States v. Garner, 749 F.2d 281, 284 (5th Cir. 1985). McKethan asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1291 which allows for appeal from "final decisions" of the district courts. We disagree.

4

Where "an action involves multiple parties, a disposition of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court under Federal Rule of Civil Procedure 54(b)." Gibbs v. Grimmette, 254 F.3d 545, 550 (5th Cir. 2001) (quoting Transit Mgmt. of Southeast LA, Inc. v. Group Ins. Admin., Inc., 226 F.3d 376, 381 (5th Cir. 2000)). "[W]hen the record clearly indicates that the district court failed to adjudicate the rights and liabilities of all parties, the order is not and cannot be presumed to be final, irrespective of the district court's intent." Witherspoon v. White, 111 F.3d 399, 402 (5th Cir. 1997).

In its August 7, 2001 judgment, the district court unambiguously dismissed McKethan's claims against the Louisiana Department of Public Safety and Corrections, Prison Realty Corporation, Marcel Mills, and Amanda Moore. On January 14, 2002, the district court further unequivocally dismissed McKethan's claims against Mike Phillips. Although it is apparent that the district court's intent was to dismiss the suit as to all Defendants, the record indicates that McKethan's claims against CCA remain. Moreover, the district court did not certify its decision under Rule 54(b).

The record is replete with ambiguity as to whether Prison Realty Corporation and CCA are separate legal entities. McKethan's counsel indicated at oral argument that the two companies purport to be separate. Counsel for the Defendants attempted to clarify, but acknowledged that legally CCA and Prison Realty Corporation are not the same company.[3] The only thing that is abundantly clear is that *both* CCA and Prison Realty Corporation were named as separate Defendants. Moreover, CCA was served and filed an answer to McKethan's First Supplemental and Amended

---

[3] This confusion is manifested in the district court's Memorandum Ruling issued January 14, 2001, wherein the district court lists the parties to this action as including CCA, but *not* Prison Realty Corporation.

Complaint.[4] We find that because the district court's judgments did not dispose of all of the parties to the litigation and it made no express determination allowing for entry of final judgment against fewer than all of the parties pursuant to Rule 54(b), this Court is deprived of appellate jurisdiction. Accordingly, McKethan's appeal is DISMISSED.

DISMISSED.

---

[4] If CCA had neither appeared nor been served, the outcome would be different. See Fed. Savings & Loan Ins. Corp. v. Tullos-Pierremont, 894 F.2d 1469, 1473 (5th Cir. 1990) (explaining that "where a judgment of dismissal is rendered as to all served defendants and only unserved, nonappearing defendants remain, the judgment is final and, therefore, appealable under section 1291, without a Rule 54(b) certificate") (citing Nagle v. Lee, 807 F.2d 435, 438 (5th Cir. 1987)).