United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-50657
Summary Calendar

---

JEFFRIE ANTERIES DANIEL,

Plaintiff-Appellant,

versus

BEXAR COUNTY ADULT DETENTION CENTER;
RALPH LOPEZ, Sheriff,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-242
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jeffrie Anteries Daniel, Texas prisoner no. 737485, appeals the dismissal, without prejudice, of his action brought under 42 U.S.C. § 1983, in which he alleged denial of medical care in the form of exposure to tuberculosis and refusal to provide treatment after the exposure was revealed by a skin test. The district court dismissed the action for Daniel's failure to allege deliberate indifference to his serious medical needs.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Daniel alleged, at best, negligence and a disagreement over what was the proper medical care. Such allegations do not support a cause of action under 42 U.S.C. § 1983. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); see also Gibbs v. Grimmette, 254 F.3d 545, 549-50 (5th Cir. 2001) (not deliberate indifference to refuse skin-test to inmate absent known exposure or signs of active tuberculosis).

In addition, Daniel alleged only that the Bexar County Sheriff, Ralph Lopez, was vicariously liable for the acts of his unidentified subordinates. Sheriff Lopez cannot be vicariously liable under 42 U.S.C. § 1983. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). We pretermit the issue whether the Bexar County Adult Detention Center may be sued in its own name, because Daniel failed to allege that any unconstitutional acts were the result of a policy or custom as is required to establish the liability of any municipal body under 42 U.S.C. § 1983. See Piotrowski v. City of Houston, 51 F.3d 512, 517 (5th Cir. 1995).

Because Daniel failed to state a claim against any defendant, the judgment of the district court is AFFIRMED. FED. R. CIV. P. 12(b)(6).

JUDGMENT AFFIRMED.