United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-20835
Summary Calendar

CARLOS GONZALES,

                                                                            Plaintiff-Appellant,

versus

DARRELL FLANAGAN; TINA I. PEREZ, South Houston Police
Deputy; SOUTH HOUSTON POLICE DEPARTMENT; CITY OF SOUTH
HOUSTON,

                                                                            Defendants-
                                        Appellees.

-------------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-4235
-------------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

     Carlos Gonzales, Texas prisoner # 1170418, appeals from the judgment entered in favor of

the defendants on his 42 U.S.C. § 1983 excessive force claim. Applying the same test as the

district court, e.g., Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912 (5th Cir. 1992), we affirm.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We hold that the district court did not err in its determination that Officer Tina Perez was entitled to qualified immunity; brandishing her weapon was objectively reasonable under the circumstances, and Gonzales suffered no injury as a result thereof. Cf. Hinojosa v. City of Terrell, 834 F.2d 1223, 1231 (5th Cir. 1998); see Williams v. Bramer, 180 F.3d 699, 703 (5th Cir.), clarified, 186 F.3d 633, 634 (5th Cir. 1999). Furthermore, the district court did not err in failing to consider Randy Moore's statement for purposes of resolving the summary judgment motion. See FED. R. CIV. P. 56(e).

Gonzales has inadequately briefed the district court's FED. R. CIV. P. 36 application, and that issue is therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Gonzales has similarly abandoned his excessive force claim against Officer Darrell Flanagan. See id.

Gonzales's claim that the absence of medical facilities at the City of South Houston Jail constitutes per se deliberate indifference is raised for the first time on appeal and is therefore not considered. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). His claims regarding the medical treatment he received while detained at the Harris County Jail fail as a matter of law because they amount to nothing more than a disagreement over the type of care received. See Gibbs v. Grimmette, 254 F.3d 545, 548-49 (5th Cir. 2001).

AFFIRMED.