United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41718
Summary Calendar
_____

ROGER STEVEN MCCARTY,

Plaintiff-Appellant,

versus

ZAPATA COUNTY; SIGIFREDO GONZALEZ, JR., Sheriff;
SERGEANT ROMONE MONTES; SERGEANT JUAN VALADEZ;
ARTURO GARZA GONGORA, DR.; JUDGE Richard Domingues,
Licensed Vocational Nurse; JUDGE MANUEL FLORES,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:03-CV-95)
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Roger Steven McCarty, now Texas prisoner # 1106362, appeals the district court's grant of summary judgment in favor of the defendants and the court's dismissal of his civil rights complaint. McCarty alleged the denial of adequate medical treatment for his Hepatitis C and adequate psychiatric care for his severe depression during his incarceration at the Zapata County Jail. He argues that the district court erred in granting the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants' motions for summary judgment, as there existed factual disputes as to several issues regarding his medical care. He asserts that the disputed factual issues are material, as they show "a completely needless denial of medical treatment for his serious medical needs, for which could have easily resulted into his death from disease complications, such as fulminant hepatitis, or completed suicide."

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). We review the district court's grant of summary judgment de novo, examining the evidence in the light most favorable to the nonmovant. Gibbs v. Grimmette, 254 F.3d 545, 547 (5th Cir. 2001). A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court may not weigh the evidence or make credibility determinations. Id. Conclusional allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. See Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir. 2000).

2

McCarty was a both a pretrial detainee and a convicted prisoner during the time he was housed at the Zapata County Jail. "Pretrial detainees and convicted prisoners . . . look to different constitutional provisions for their respective rights to basic needs such as medical care and safety." Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). There is no significant distinction, however, between pretrial detainees and convicted inmates when the denial of medical care is at issue. Gibbs, 254 F.3d at 548. When the alleged unconstitutional conduct involves an episodic act or omission, as in this case, the question is whether the state official acted with "deliberate indifference" to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate. Id. To make a showing of deliberate indifference, the inmate must submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Further, the plaintiff must establish resulting injuries. Mace v. City of Palestine, 333 F.3d 621, 625 (5th Cir. 2003).

McCarty introduced no competent summary-judgment evidence establishing that the defendants refused to treat him for his Hepatitis C. His allegations established, at best, that the defendants failed to follow the course of treatment that was

3

recommended by the physician who saw him in the hospital. This is insufficient to establish deliberate indifference. See Domino, 239 F.3d at 756. Further, McCarty failed to establish any injury resulting from the alleged denial of treatment for his Hepatitis C. See Mace, 333 F.3d at 625.

The refusal to treat a prisoner's diagnosed psychiatric illness may amount to deliberate indifference under particular circumstances. Woodall v. Foti, 648 F.2d 268, 272 (5th Cir. Unit A 1981). McCarty has submitted no competent summary-judgment evidence establishing that the defendants failed to provide him with medically necessary psychiatric treatment. McCarty's assertion that an attempted suicide could easily have been "completed" is an insufficient allegation of harm to warrant relief. See Domino, 239 F.3d at 756.

McCarty also contends that the district court abused its discretion in denying his motion for a default judgment against Defendant Richard Dominguez. A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001). When a defending party establishes that the plaintiff has no cause of action, such defense "generally inures also to the benefit of a defaulting defendant." Id. at 768. The district court did not abuse its discretion in denying McCarty's motion for a default judgment. Id.

AFFIRMED.

4