# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

Charles R. Fulbruge III
Clerk

No. 09-10471
Summary Calendar

GILBERTO IRUEGAS,

Plaintiff–Appellant

v.

SERGEANT NFN POE, French Robertson Unit; DOYLE LEE, Officer C.O.4.
French Robertson Unit; NFN CIDILLO, Officer C.O.3. French Robertson
Unit; DR. ADEL NAFRAWI, Medical Department French Robertson Unit;
DEBORA CALDWELL, (P.A.) Medicial Department French Robertson Unit,

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CV-91

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gilberto Iruegas appeals the dismissal with prejudice of his 28 U.S.C.
§ 1983 suit alleging deliberate indifference to his health, safety, and serious
medical needs, against various security and medical employees of the Texas
Department of Criminal Justice ("Defendants"). The magistrate judge dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-10471

Iruegas's suit as frivolous after holding a *Spears* hearing. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds*, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Iruegas argues that because he had retained counsel, the *Spears* hearing should not have been conducted. Iruegas also argues that the magistrate judge erroneously failed to allow cross-examination or properly identify and authenticate any documents, and that Iruegas's testimony established a *prima facie* case of deliberate indifference.

Because 28 U.S.C. § 1915A(a) requires screening of all *in forma pauperis* suits by a prisoner against government officials and § 1915(e)(2)(B) mandates dismissal of frivolous *in forma pauperis* suits, the magistrate judge did not err by conducting a *Spears* hearing despite Iruegas's retention of counsel. Additionally, because Defendants did not introduce any witnesses or documents at the *Spears* hearing, Iruegas's argument that the magistrate judge committed reversible error by failing to allow cross-examination or to properly identify and authenticate any documents entirely lacks merit. Finally, because Iruegas's complaint lacks an arguable basis in either law or fact, we affirm the magistrate judge's dismissal of his § 1983 suit as frivolous.

## I.  FACTUAL AND PROCEDURAL HISTORY

While confined as an administrative segregation inmate, Iruegas slipped as he walked from the shower to his cell and fell down approximately ten stairs. Texas Department of Criminal Justice ("TDCJ") policy requires that two officers escort administrative segregation inmates from the shower to their cells, with one holding the inmate's arm. Only one TDCJ officer escorted Iruegas on this occasion, however, and did not hold his arm. Iruegas suffered cuts and bruises to his back, neck, shoulder, head, forearm, and leg.

Although TDCJ regulations require officers to call the medical department immediately in the event of an accident, officers ordered Iruegas to return to his cell despite his request for medical treatment. Later that day, however, he

received medical attention from Dr. Adel Nafrawi, consisting of X-rays and non-prescription pain relievers.  The X-rays revealed that Iruegas had not broken any bones.  Dr. Nafrawi did not clean his cuts.

The next day, Iruegas saw Debora Caldwell, a phyisican's assistant, who told him that despite his bruises, there was nothing wrong with him and that the pain would subside in time.  Iruegas requested that Caldwell order an MRI, but she refused.  For the remainder of his time as an inmate, Iruegas repeatedly asked TDCJ medical staff for an MRI, to no avail.[1]  Despite trying several different non-prescription pain relievers, Iruegas testified that he remained in pain and experienced difficulty lifting his arms over his head and bending or squatting.

Iruegas sought administrative relief and then filed a *pro se*, *in forma pauperis* civil rights complaint in the Dallas Division of the Northern District of Texas raising allegations that Defendants acted with deliberate indifference to his health and safety, and to his serious medical needs.  The case was transferred to the Abilene Division, and then transferred again to the docket of a magistrate judge with instructions to conduct a *Spears* hearing for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.  Iruegas subsequently waived his right to proceed before a district judge.

The magistrate judge characterized Iruegas's action as a § 1983 suit and scheduled a *Spears* hearing.  Prior to his *Spears* hearing, Iruegas retained counsel.  Iruegas's counsel appeared on his behalf at the hearing, and although neither Defendants nor their counsel appeared, an employee of the prison system was present.  This employee offered no testimony and did not attempt to

---

[1] After filing his complaint, but before it was transferred, Iruegas notified the district court that he had been released from TDCJ custody.  After the magistrate judge scheduled his *Spears* hearing, Iruegas notified the court that he had been re-incarcerated for violating the terms of his probation.

No. 09-10471

introduce any evidence.  Iruegas testified, but offered no other evidence to support his claims.

The magistrate judge dismissed Iruegas's claims with prejudice, finding that he failed to state a cognizable constitutional claim for deliberate indifference as to any Defendant.  To the extent that Iruegas directed his claims against Defendants in their official capacity, the magistrate judge also dismissed them with prejudice, finding the claims barred by sovereign immunity.[2]  Iruegas timely appealed.

## II.  DISCUSSION

We review *de novo* the magistrate judge's dismissal of Iruegas's *in forma pauperis* complaint as frivolous under 28 U.S.C. § 1915A.  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  On appeal, Iruegas advances three arguments: (1) Iruegas had retained counsel before his *Spears* hearing, and therefore the magistrate judge should not have conducted it; (2) the magistrate judge did not swear in witnesses, allow cross-examination, or identify and authenticate documents at the *Spears* hearing; and (3) his testimony established a *prima facie* case for his claims.  Not one of these assertions has merit.

### A.    Propriety of the *Spears* Hearing

The district court instructed the magistrate judge to conduct a *Spears* hearing to consider Iruegas's complaint.  The magistrate judge acknowledged that 28 U.S.C § 1915(e)(2) instructs the court to dismiss any frivolous or malicious *in forma pauperis* claims, while § 1915A mandates screening all prisoner civil complaints that seek redress from an officer or employee of a governmental entity.  He thus found Iruegas's civil rights action subject to both provisions.

---

[2] Iruegas does not appeal the magistrate judge's dismissal on this ground.

On appeal, Iruegas admits that *Spears* hearings are designed to determine whether *in forma pauperis* complaints should be dismissed as frivolous. *See, e.g.*, *Moore v. Carwell*, 168 F.3d 234, 235 (5th Cir. 1999) (citing *Spears*, 766 F.2d 179. Iruegas cites no authority for the argument that his retention of counsel defeats the screening process necessitated by *in forma pauperis* complaints and statutorily-required for complaints by prisoners against government officials. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. Having found none ourselves, we find that his argument lacks merit.

Likewise, Iruegas's argument that the magistrate judge erred by not swearing in witnesses, allowing cross-examination, or identifying and authenticating exhibits entirely lacks merit. Defendants did not introduce a single witness for cross-examination purposes, nor did they try to introduce a single exhibit. Instead, the magistrate judge heard testimony from Iruegas, and on the basis of his uncontested statement, found that Iruegas had failed to state any cognizable constitutional claim for deliberate indifference. We find no error in the way in which the magistrate judge conducted Iruegas's *Spears* hearing.

## B.    *Prima Facie* Deliberate Indifference Claims

On appeal, Iruegas argues that his uncontested *Spears* hearing testimony established a *prima facie* case for his claims. Specifically, Iruegas alleges deliberate indifference in violation of the Eighth Amendment because Defendants: (1) negligently violated their own policy when escorting him from the showers; (2) delayed seeking medical treatment after his fall; and (3) continuously ignored his serious medical needs. The magistrate judge dismissed these claims as frivolous, and we find that the dismissal was proper.

Iruegas alleges that Defendants negligently violated TDCJ policy when only one officer escorted him from the shower without holding his arm. To prove deliberate indifference, we have held that, "[a]t a minimum, the plaintiff must show that prison officials acted with a conscious or callous indifference," and

that "[m]ere negligence . . . [or] neglect" will not suffice. *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). Because nothing in Iruegas's allegations or testimony suggests that anything other than negligence on the part of Defendants led to his fall, he has failed to state a cognizable constitutional claim on this ground.

Iruegas also alleges that Defendants negligently failed to seek medical treatment for him immediately after his fall, in violation of TDCJ policy. We have held that "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Additionally, "[d]eliberate indifference is more than mere negligence in failing to supply medical treatment." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Because Iruegas has not alleged any additional harm based on the delay in his treatment or anything other than negligence in Defendants' violation of TDCJ's policy, we find that he has failed to state a cognizable constitutional claim on this ground.

Finally, Iruegas alleges that Defendants' failure to clean out his cuts, order an MRI, or provide him with more effective pain medication gives rise to a claim of deliberate indifference. We have held that to show deliberate indifference to serious medical needs, a plaintiff must demonstrate that a defendant "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Additionally, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action. . . . Nor does [m]ere negligence, neglect or medical malpractice." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (internal citations and quotation marks omitted). Because Defendant's failure to clean

No. 09-10471

Iruegas's cuts, order an MRI after X-rays revealed no broken bones, or prescribe Iruegas stronger pain medication did not "'unnecessar[ily] and wanton[ly] inflict[] . . . pain repugnant to the conscience of mankind,'" we find that Iruegas has failed to state a cognizable claim on this ground. *Tamez v. Murphy*, 589 F.3d 764, 770 (5th Cir. 2009) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.  CONCLUSION

Iruegas has failed to demonstrate any error in the fact that the magistrate judge held a *Spears* hearing or in the way in which the magistrate judge conducted it.  Additionally, Iruegas has failed to state a cognizable deliberate indifference claim that would support his § 1983 suit.  We therefore affirm the magistrate judge's dismissal with prejudice of Iruegas's claims.

AFFIRMED.

7