# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2013

No. 12-60393
Summary Calendar

Lyle W. Cayce
Clerk

TOMMY JACKSON,

Plaintiff-Appellant

v.

CHRISTOPHER EPPS, GEO GROUP, INCORPORATED; DALE CASKEY; BART GRIMES; DOCTOR UNKNOWN ABANGDON; MS. UNKNOWN ATWOOD; MS. UNKNOWN CARTER,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:10-CV-197

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tommy Jackson, Mississippi inmate # 32944, appeals the grant of summary judgment for the defendants in his 42 U.S.C. § 1983 suit. Jackson sued the defendants in their official and individual capacities. He alleged that his suit arose out of the Americans with Disabilities Act (ADA) and that his constitutional rights were violated when he was transferred to administrative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

segregation at the East Mississippi Correctional Facility (EMCF) and exposed to tuberculosis in retaliation for exercising his First Amendment rights.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "[T]he party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* This court "resolve[s] doubts in favor of the nonmoving party and make[s] all reasonable inferences in favor of that party." *Dean v. City of Shreveport*, 438 F.3d 448, 454 (5th Cir. 2006).

In his brief, Jackson fails to provide facts and argument challenging the magistrate judge's decision to dismiss Jackson's claims regarding his removal from the general prison population under the ADA and the Due Process Clause for failure to exhaust administrative remedies, the magistrate judge's determination that Epps was entitled to summary judgment on Jackson's claims against him in his official capacity, and the magistrate judge's determination that GEO was entitled to summary judgment because Jackson failed to allege it implemented an unconstitutional policy. Jackson has abandoned these claims by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Jackson argues that he had the right to be protected from disease and that the defendants failed to attend to his medical needs when they did not remove him from the cell where he was exposed to tuberculosis. Jackson testified that he and other inmates were placed in crowded living conditions and that inmate Davis exhibited symptoms of coughing and vomiting before the defendants removed him from "little seg." He also testified, however, that after Davis was

diagnosed with tuberculosis, prison officials removed Davis from the unit where Jackson and the other prisoners were housed and they did not see him again. Jackson further testified that he and his fellow inmates were quarantined, tested, and medicated.  In light of this testimony, Jackson fails to demonstrate that the individual GEO defendants acted with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *see Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *Gibbs v. Grimmette*, 254 F.3d 545, 549-50 (5th Cir. 2001).

According to Jackson, "the MDOC defendants" had him transferred to the EMCF in retaliation for filing an ADA suit.  Jackson cannot overcome summary judgment on his retaliation claim because he does not identify which of "the MDOC defendants" had the intent to retaliate against him or who among them caused the transfer. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Conclusory allegations of retaliation are not sufficient to withstand a proper motion for dismissal of the claim. *Jones*, 188 F.3d at 325.  Although Jackson identifies the wardens as the responsible party, the magistrate judge dismissed the claims against Wardens Grimes and Caskey as unexhausted, and Jackson does not brief this issue. *See Yohey*, 985 F.2d at 224-25.

In addition to assigning error to the magistrate judge's summary judgment dismissal of his constitutional claims, Jackson complains that he was not allowed to conduct discovery.  Our review of discovery decisions is for an abuse of discretion, and we will affirm such decisions unless they are arbitrary or clearly unreasonable. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).  Jackson has not made the required showing. *Moore*, 233 F.3d at 876.

Accordingly, the judgment of the district court is AFFIRMED.