# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-30308
Summary Calendar

February 5, 2013

Lyle W. Cayce
Clerk

CALVIN JAMES,

Plaintiff-Appellant

v.

CURTIS MASON; UNITED STATES OF AMERICA,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-1706

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Calvin James, federal prisoner # 08476-041, filed a pro se civil rights complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671, against the United States of America, the Bureau of Prisons (BOP), and Correctional Officer Curtis Mason, in his individual and official capacity. James alleged that Mason used excessive force by intentionally closing a sliding steel gate on him and that he consequently suffered back and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

chest pain. He also contended that the United States, through the BOP, failed to monitor officers to insure that they did not close the gates on inmates.

Upon the defendants' motion, the district court's dismissed James's FTCA claims against the United States for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and dismissed his *Bivens* claim against Mason in his individual capacity on summary judgment pursuant to Federal Rule of Civil Procedure 56. He now appeals that dismissal.

James argues that the district court wrongly found that it lacked subject matter jurisdiction over James's FTCA claim, which the district court construed to allege an assault, because the United States had sovereign immunity under the intentional-tort exception set forth in 28 U.S.C. § 2680(h). He argues that he also alleged that the United States, through BOP officials, failed to maintain a secure premises by not insuring through proper supervision or policies that officers properly operated the gates. James alleges that this claim does not arise out of an intentional tort and should not have been dismissed for lack of subject matter jurisdiction. We review the district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

The United States has partially waived its sovereign immunity under the FTCA. § 1346(b). This waiver of immunity pursuant to the FTCA is limited by exceptions, including, inter alia, the intentional-tort exception, which provides that the FTCA does not apply to a claim arising out of an intentional tort listed in § 2680(h) (e.g., assault). *See* § 2680(h). However, a negligence claim that concerns a government employee's commission of an intentional tort enumerated in § 2680(h) may proceed where the negligence "arises out of an independent, antecedent duty" under applicable state law and is "unrelated to the employment relationship between the tortfeasor and the United States." *Leleux v. United States*, 178 F.3d 750, 757 (5th Cir. 1999).

Although James argues that he alleged a premises-liability claim under Texas state law, and thus posited that the United States had an independent, antecedent duty, his claim is unavailing. The record supports that James sought to use a premises-liability claim to recharacterize an assault claim that was premised on negligent supervision. A plaintiff may not avoid the intentional-tort exception by alleging a claim in terms of negligent failure to prevent one of the torts enumerated in § 2680(h). *Id.* at 756-59. Because James's claim that BOP officials negligently supervised officers' operation of the gates is not independent of the employment relationship between the officers and the United States, and otherwise arose out of one of the torts listed in § 2680(h), he has not shown that his claim is not barred by the intentional-tort exception. *See id.* at 756-59. He therefore has not shown that the district court erred by dismissing his FTCA claim for lack of subject matter jurisdiction.

James also argues that the district court erred in granting the defendants' motion for summary judgment because the record supports that he was injured as a result of the incident and that Mason intentionally and unnecessarily closed the gate on him. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We construe "all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). We review a grant of summary judgment de novo. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

James principally asserts that the district court improperly dismissed his excessive-force claim on the basis that he did not establish that he experienced a sufficiently serious injury. However, the record does not demonstrate that the district court viewed the severity of James's injury to be dispositive of whether Mason used excessive force. Although the district court noted that the evidence showed that the incident was minor and, at most, caused de minimis injuries,

3

the record does not indicate that the severity of James's injury was the sole determinant of the district court's decision; the district court also noted that the incident was accidental, the gate closing was proper under the circumstances, and there was no use of excessive force. Therefore, there is no evidence that the district court dismissed James's claim solely because he did not show that he sustained a severe injury. *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1179-80 (2010).

He otherwise has not shown that the district court erred in finding that there was no genuine dispute as to any material fact that would preclude a summary judgment in favor of Mason. *See* FED. R. CIV. P. 56(a). Construing James's allegations as true under the summary judgment standard, the evidence supports that Mason believed, however incorrectly, that he had a valid security reason to close the gate and closed the gate purposefully in furtherance of that perceived reason; that the gate closure was directly related to the perceived security justification and involved the application of force that was proportionate to that reason; that, to the extent that James was harmed due to the incident, his injuries were negligible; and that the gate, which stopped upon contacting James, was swiftly opened and that James was caught between the gate and a pole for no more than five seconds. Thus, even if Mason unnecessarily applied force by intentionally closing the gate, James has not shown, especially given the minor nature of the force applied, and the absence of any indicia of malice or discernable injury, that Mason used force with the intent to cause harm rather than in a good-faith effort to maintain order. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

James complains that the district court wrongly denied his motion for the appointment of counsel. However, because James has not established that there were exceptional circumstances that warranted the appointment of counsel, he has not demonstrated that the denial of his motion was an abuse of discretion. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985).

He also contends that the district court erred in adopting the magistrate judge's report because the magistrate judge did not liberally construe James's pleadings, wrongly denied his request for an extension of time to respond to the defendants' motion to dismiss and for summary judgment, failed to review all of the relevant evidence, and improperly characterized James's allegations and the nature of his injuries. However, James has not shown that he is entitled to relief on the basis of these claims because he has not established that the magistrate judge erred in the manner alleged or that any of the purported errors affected the disposition of his claims. *See* FED. R. CIV. P. 61 (harmless error rule).

James also has not shown that he is entitled to relief on his claims that the district court abused its discretion by denying his motion for a default judgment on the grounds that Mason did not properly retain counsel pursuant to 28 C.F.R. § 50.15, or timely file responsive pleadings. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). James has not demonstrated that the Department of Justice's discretionary decision to provide Mason with representation is subject to judicial review or that any improper representation should nullify his arguments, *see* 28 C.F.R. § 50.15(a), and the record does not otherwise show that this case involved extreme delays or contumacious conduct. *See Lewis*, 236 F.3d at 767.

James's remaining claims that the district court wrongly denied his motion for an injunction and a temporary restraining order and erroneously permitted the introduction of a videotape of the incident also are unavailing. The denial of a temporary restraining order is not appealable, *In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990), and James's request for an injunction has been rendered moot by his transfer to a different prison. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). James has not set forth any bases on which the content of the videotape was materially unreliable, and in any event, the record suggests that the videotape did not affect James's substantial rights because it was incidental to the district court's disposition of James's claims. *See* FED. R. CIV. P. 61

AFFIRMED.