**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-30783

(Summary Calendar)
_____

CHARLES E. LEWIS,

Plaintiff-Appellant,

versus

BRUCE N. LYNN; ET AL.,

Defendants

BUDDY BRYON; L. LEMOINE

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana, Baton Rouge

January 11, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:

Charles Lewis, an inmate at Louisiana State Penitentiary, filed a 42 U.S.C. § 1983 suit against

various prison officials, alleging that he had been required to perform certain field work despite his

asthma ailment. He appeals the district court's denial of his motions for default judgment and for the appointment of legal counsel. We affirm.

On three different occasions in 1991, Lewis had been ordered to perform hoe work on a dusty road, to assist digging a ditch, and to help other inmates spread dirt. He complained to prison officials that he could not perform such work because of his asthma. Lewis had earlier received a limited duty status because of this ailment. Upon receiving Lewis' complaints, the prison officials contacted the medical staff at the Louisiana State Penitentiary, which informed them that the assigned work did not violate Lewis' medical duty status. The prison officials told Lewis to resume his work and to seek further medical attention if warranted.

Lewis filed a § 1983 lawsuit against various prison officials, alleging that they had violated his Eighth Amendment right by forcing him to perform these tasks. All of the prison officials)) except Bryan Budde and Leonard Lemoine, both of whom no longer worked at the Louisiana State Penitentiary)) answered Lewis' complaint and filed a summary judgment motion.[1] The court granted the summary judgment motion in favor of the defendants. Lewis then sought a default judgment against Budde and Lemoine. Adopting the magistrate judge's finding, the district court refused to enter a default judgment because it held that Lewis' allegations, even if found true, were insufficient to establish § 1983 liability. Additionally, the district court *sua sponte* determined that the summary judgment granted to the appearing defendants accrued to the benefit of Lemoine and Budde. The court also denied Lewis' request for an appointment of counsel. Lewis appeals these decisions.

We review a denial of a default judgment for abuse of discretion. *See Mason v. Lister*, 562

---

[1] Lewis' complaint refers to Bryan Budde as "Buddy Bryon".

F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge.")   The district court did not err in refusing to enter a default judgment in favor of Lewis.  The Fifth Circuit has held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989).

The district court refused to enter a default judgment because it held that Lewis' factual allegations, even if found true, could not impose liability against Lemoine and Budde.  *Cf. Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) ("The entry of a default order does not...preclude a party from challenging the sufficiency of the complaint.")  An inmate pursuing a constitutional claim needs to show that prison officials demonstrated "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994) (holding that a prisoner's Eight Amendment right was not violated unless prison officials knowingly ignored the risks to health).  In this case, Lewis has not pleaded that prison officials knowingly exposed him to health or safety risks. In fact, Lewis conceded in his complaint that prison officials told him to continue working only after consulting with the prison hospital staff, which informed them that Lewis was capable of such tasks. We cannot say that the district court abused its discretion in denying his motion for a default judgment.

Furthermore, we hold that the district court did not err in allowing Lemoine and Budde to benefit from the appearing defendants' favorable summary judgment motion.  Several courts have held that where "a defending party establishes that plaintiff has no cause of action...this defense

generally inures also to the benefit of a defaulting defendant." *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) (citations omitted); *see also Gulf Coast Fans, Inc. v. Midwest Elec. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *Davis v. National Mortgage Corp.*, 349 F.3d 175, 178 (2nd Cir. 1965); *Bastien v. R. Rowland & Co.*, 631 F.Supp. 1554, 1561 (E.D. Mo. 1986). We agree with these other courts and accordingly adopt their holding. The policy rationale for this rule is that it would be "incongruous" and "unfair" to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants. *See Gulf Coast*, 740 F.2d at 1512.

Finally, we hold that the district court did not abuse its discretion in denying Lewis' request for counsel in his § 1983 suit. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) ("A civil rights complainant has no right to the automatic appointment of counsel...unless the case presents exceptional circumstances.") The district court adopted the magistrate judge's finding that no exceptional circumstances existed because the claims were not factually or legally complex, and Lewis had earlier adequately represented himself without the aid of counsel. We see no reason to disturb that finding because Lewis has not stated any exceptional circumstances warranting a counsel here. *Cf. Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be brief to be preserved") (citations omitted).

AFFIRMED.