IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10474
Conference Calendar
_____


YVONNE EVETTE BROWN,

                                        Plaintiff-Appellant,

versus

THE TEXAS BOARD OF NURSE EXAMINERS,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-2315-M
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Yvonne Evette Brown ("Brown") appeals the district court's

dismissal of her 42 U.S.C. § 1983 complaint for lack of subject

matter jurisdiction.  Brown argues that the district court erred

in denying her motion for a default judgment against the Texas

Board of Nurse Examiners.  This court reviews the denial of a

default judgment for abuse of discretion.  Lewis v. Lynn, 236

F.3d 766, 767 (5th Cir. 2001).  The district court did not abuse

its discretion in denying Brown's motion for a default judgment

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because Brown has not demonstrated that the 11-day delay between the Board serving her with a copy of its motion to dismiss and filing the motion in the clerk's office was sufficiently "extreme" to warrant the "drastic remedy" of a default judgment. See id.

Brown also contends that her case should be reinstated because she was not given an opportunity to respond to the magistrate judge's report and recommendation. The record indicates that the district court held that it would consider Brown's objections if they impacted the issue of whether the court had subject matter jurisdiction, but Brown did not file objections. Consequently, Brown's argument lacks merit.

Brown does not address the district court's dismissal of her complaint for lack of subject matter jurisdiction. This court "will not raise and discuss legal issues that [an appellant has] failed to assert." See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Brown's failure to identify any error in the district court's legal analysis or the application of law is the same as if she had not appealed that judgment. Id.

Because Brown's appeal is without merit, and it is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.