**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 11, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-41295
Summary Calendar

---

ERNEST RAY KOONCE,

Plaintiff-Appellant,

versus

INTERNAL REVENUE SERVICE; LARRY LAGRAND, Agent;
FRAN BERRY, Agent,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-408
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ernest Ray Koonce, federal prisoner # 66230-079, proceeding

pro se and in forma pauperis ("IFP"), appeals the district

court's dismissal of his complaint for lack of subject matter

jurisdiction and for failure to state a claim upon which relief

may be granted, and denying all outstanding motions.  Koonce

brought suit against the defendants pursuant to the Federal Tort

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Claims Act ("FTCA"), <u>Bivens v. Six Unknown Named Agents of Fed.</u> <u>Bureau of Narcotics</u>, 403 U.S. 388 (1971), common law torts, and the Administrative Procedures Act ("APA"), after his airplane was struck by another plane while sitting on the tarmac at the Polk County Airport in Livingston, Texas. At the time of the accident, the airplane was in the possession of the Internal Revenue Service ("IRS"), after being seized pursuant to a jeopardy assessment.

On appeal, Koonce argues that the district court abused its discretion in not granting his motion for default judgment because the United States Marshal took too long to serve his complaint on the United States Attorney. Koonce has not shown that Government was in default. Therefore, he has not shown that the district court abused its discretion in denying his motion for default judgment. <u>See</u> <u>Lewis v. Lynn</u>, 236 F.3d 766, 767 (5th Cir. 2001).

Koonce's brief does not challenge adequately the district court's reasons for dismissing his claims. <u>See</u> FED. R. APP. P. 28(a)(9)(A). Rule 28(a)(9)(A) requires that the appellant's argument contain the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on. Although we apply less stringent standards to parties proceeding <u>pro</u> <u>se</u> than to parties represented by counsel and liberally construe briefs of <u>pro</u> <u>se</u> litigants, <u>pro</u> <u>se</u> parties must still brief the issues and reasonably comply with the

requirements of FED. R. APP. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

This appeal is without arguable merit and is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike under the Prison Litigation Reform Act. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Koonce is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

APPEAL DISMISSED, SANCTION WARNING ISSUED.