United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20469
Summary Calendar

GUSTAVO LARA GARCIA,

Plaintiff-Appellant,

versus

WARDEN SMITH; SERGEANT OLIVAREZ;
UNKNOWN, Assistant to Sergeant Olivarez;
UNKNOWN, Floor Boss; INMATE ANDRES SEGURA; MARK JONES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:04-CV-152
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Texas inmate Gustavo Garcia appeals the dismissal of his 42 U.S.C. § 1983 civil rights action against Warden Mark Jones, prison guard Sgt. Daniel Olivarez, and others, in which he alleges that the defendants failed to protect him from being attacked by another inmate. The district court dismissed the action pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief could be granted.

After _de novo_ review of Garcia's complaint, and accepting his allegations as true, we conclude that the actions of Jones and Olivarez establish that they were not deliberately indifferent to Garcia's constitutional rights. See Farmer v. Brennan, 511 U.S. 511 U.S. 825, 834-35, 844 (1994). Garcia does not challenge the dismissal of the other defendants, so any such claims are abandoned. See Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Garcia also argues that the district court erred by denying his motions for a default judgment, discovery, and appointment of counsel. No relief is warranted on these grounds. See Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The judgment is AFFIRMED.

The dismissal of Garcia's action pursuant to § 1915(e)(2)(B) counts as his second strike for purposes of the three strikes provision, § 1915(g), because a previous action brought by him was dismissed under § 1915(e)(2)(B). See Garcia v. Espinosa, No. 7:01-CV-285 (S.D. Tex. Sept. 21, 2004); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Garcia is WARNED that if he accumulates three strikes, he will be barred from proceeding _in forma pauperis_ in any future civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. See § 1915(g).