United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-50009
Summary Calendar

JACQUELINE WARREN

Plaintiff-Appellant

v.

GARY L JOHNSON, ET AL

Defendants

JOHN HILLIARD

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-38

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jacqueline Warren, Texas prisoner # 377710, appeals the dismissal for failure to exhaust administrative remedies of her 42 U.S.C. § 1983 complaint. See 42 U.S.C. § 1997e(a). Warren filed suit against Gary L. Johnson, Executive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Director of the Texas Department of Criminal Justice (TDCJ), and John Hilliard, former Chaplain for TDCJ. Warren alleged assault and battery, cruel and unusual punishment under the Texas constitution, a violation of the Eighth Amendment of the United States Constitution, § 1983 violations, and violations of state rules and regulations, all resulting from an alleged sexual relationship between Hilliard and Warren. Warren sought damages, including monetary damages of $3,000,000.00. Johnson removed the matter to federal court and was later dismissed from the suit, with Warren's agreement. When Hilliard failed to file a timely answer, Warren filed a demand for default judgment. The district court authorized Hilliard to file an out of time answer and denied the demand for default judgment. Hilliard then moved for dismissal, arguing that Warren had failed to exhaust administrative remedies. To the motion, Hilliard attached Warren's grievances from the time that the relationship allegedly began to the time that Warren filed her § 1983 complaint, showing that Warren had filed no grievances regarding the alleged incidents.

In a report and recommendation adopted by the district court, the magistrate judge recommended dismissal of Warren's complaint under § 1997e(a). The magistrate judge reviewed the pleadings and Warren's grievance history. Because that evidence showed that Warren had not filed a grievance prior to filing her § 1983 complaint, the district court dismissed the complaint for failure to exhaust administrative remedies.

On appeal, Warren argues that Hilliard did not meet his burden of proof to show that there were remedies available to her and that she failed to exhaust such remedies. Warren further asserts that Jones v. Bock, 127 S.Ct. 910 (2007), directly impacts her case.

Because the district court considered evidence outside the pleadings, specifically Warren's grievance history, this court considers the matter under FED. R. CIV. P. 56. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1283-84 (5th Cir. 1990). Under Rule 56, summary judgment is proper if the pleadings

and the evidence show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Section 1997e(a) requires a prisoner to exhaust available administrative remedies before she files an action under § 1983. Because Warren did not object to the factual findings and legal conclusions of the magistrate judge, this court reviews for plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Hilliard's evidence showed that, although Warren grieved several other issues during the time of the alleged relationship, she filed no grievances regarding the alleged incidents with Hilliard. Warren suggests, without any specific facts or evidence, that some unidentified, past investigation of Hilliard may have exhausted her administrative remedies. The statement alone is insufficient to defeat summary judgment, as is Warren's equally unsupported assertion that the Texas prison grievance procedure is inadequate. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (unsubstantiated assertions insufficient to defeat summary judgment).

Warren additionally argues on appeal that the district court erred in denying her motion for default judgment based on Hilliard's untimely answer. Default judgment is a drastic remedy, not favored, and proper only in extreme situations. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001). Warren has not shown such an extreme situation. See id.

The judgment of the district court is AFFIRMED.