# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20331
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2015

Lyle W. Cayce
Clerk

DEREK WAYNE MONTEZ,

Plaintiff-Appellant

v.

CODY HAMPTON; CLARA ANDERSON; BRUCE BAGGETT; DONNA CURTIS; TIFFANY TOMKAVITIS; BRITTANY TURNER; LONNIE E. TOWNSEND; TONY O'HARE; THOMAS PIERCE; VERNON PITTMAN; OFFICE OF THE ATTORNEY GENERAL (TEXAS),

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1891

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Derek Wayne Montez, Texas prisoner # 1434316, filed a pro se 42 U.S.C. § 1983 complaint against Lieutenant Cody Hampton, Officer Clara Anderson; Captains Bruce Baggett and Lonnie E. Townsend, Counsels Substitute Donna Curtis, Tiffany Tomakavitis, and Brittany Turner, Assistant Warden Thomas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20331

Pierce, and Wardens Tony O'Hare and Vernon Pittman.  He contested several disciplinary convictions against him while he was incarcerated in the Wynne Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID).

The district court sua sponte dismissed the claims against the counsels substitute.  The Attorney General (AG) moved for summary judgment on behalf of Baggett, Anderson, Townsend, O'Hare, and Pittman.  The AG did not obtain authority to represent Pierce and Hampton because they were no longer employed by the TDCJ, and Montez moved for default judgment against them after they did not answer or otherwise appear.

The district court granted summary judgment in favor of the defendants represented by the AG and determined that Pierce was entitled to summary judgment because there was no cause of action against him.  The district court could not resolve the claims against Hampton and denied without prejudice the motion for default against him.  Although Montez filed a premature notice of appeal from the order granting summary judgment to the defendants, we have jurisdiction over the appeal because the district court later disposed of all outstanding claims.  *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 634-35 & n.2 (5th Cir. 2002).

The district court thereafter entered default judgment against Hampton after he did not appear.  The district court awarded Montez nominal and punitive damages.  He did not appeal from the default judgment and, thus, any claims regarding Hampton or the amount of damages awarded are not before us.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

We review the grant of summary judgment de novo.  *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  Summary judgment shall be granted if the movant establishes that there is no genuine dispute as to any

material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Because the defendants raised the defense of qualified immunity, Montez must establish (1) that the defendants' conduct violated a constitutional right and (2) that the constitutional right at issue was clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Montez maintains that Baggett violated his due process rights at the disciplinary hearings and became responsible for Hampton's unconstitutional acts by convicting Montez of charges that were not supported by the evidence and which were brought on account of Hampton's retaliatory intent. However, none of the punishments that Montez received as a result of his disciplinary convictions – i.e., solitary confinement, change in custodial classification, and forfeiture of good-time credits that affected his parole eligibility – implicates a protected liberty interest; thus, Montez cannot allege a due process claim with respect to his disciplinary proceedings. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). To the extent that he alleges that Baggett is responsible for Hampton's conduct based on a theory of respondeat superior or supervisory liability, he has not asserted that Baggett was involved in implementing a policy or custom that violated his constitutional rights and was the moving force of a constitutional violation; thus, he has not raised a genuine issue of material fact as to whether Baggett violated a constitutional right. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); FED. R. CIV. P. 56(a); *Pearson*, 555 U.S. at 232, 236. Accordingly, the district court did not err in granting Baggett summary judgment. *See Pearson*, 555 U.S. at 232, 236; FED. R. CIV. P. 56(a).

No. 13-20331

Montez asserts that O'Hare and Pierce sanctioned Hampton's retaliation and Baggett's due process violations by failing to overturn his convictions or take other remedial action in response to the grievances that he filed regarding the disciplinary hearings. However, any failure by O'Hare and Pierce to rectify any error or misconduct that arose during the disciplinary hearings does not amount to a constitutional violation. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). To the extent that Montez suggests that his claims against O'Hare and Pierce are based upon their adoption of a policy or practice that enabled a constitutional violation, he has failed to identify a policy or custom that they endorsed or to assert a failure to train or supervise; his conclusory allegations do not raise a genuine issue of material fact. *See Oliver*, 276 F.3d at 742; *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Thus, the district court did not err in granting O'Hare and Pierce summary judgment. *See Pearson*, 555 U.S. at 232, 236; FED. R. CIV. P. 56(a).

Montez also argues that the district court wrongly denied his motion for default judgment against Pierce. However, Montez was not entitled to default judgment merely because Pierce did not respond, *see Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996), and Pierce was entitled to the benefit of the defenses raised by the defendants who moved for summary judgment and established that Montez failed to assert a cause of action, *see Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Accordingly, the district court did not abuse its discretion by refusing to enter default judgment. *See id.* at 767.

To the extent that Montez raised claims other claims in the district court, he has abandoned them by failing to brief them. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.

4