# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20214
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2015

Lyle W. Cayce
Clerk

DAVID L. THORNE,

　　　　Plaintiff - Appellant

v.

METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY,
(METRO); THOMAS C. LAMBERT,

　　　　Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2997

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

　　Plaintiff-Appellant David Thorne, proceeding pro se, appeals the dismissal of his claims against Defendants Metropolitan Transit Authority of Harris County ("METRO") and Thomas Lambert. For the reasons herein, we AFFIRM.

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20214

Thorne filed the present lawsuit in response to METRO's termination of his employment as a Bus Operator on March 29, 2013. In his original petition, Thorne alleged violations of Title VII of the Civil Rights Act of 1964 resulting in discrimination, retaliation, intentional infliction of emotional distress and wrongful termination. Thorne also alleged violations of the Fifth and Fourteenth Amendments of the United States Constitution as well as corresponding Texas constitutional provisions.

The district court dismissed Thorne's lawsuit for "want of prosecution." Thorne appealed the district court's dismissal. On appeal, Thorne fails to provide any legal argument as to why the district court's dismissal was erroneous. Thorne provides no legal authority other than a citation to Federal Rule of Civil Procedure 55, which governs a court's entry of a default judgment.[1] "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (citations omitted). Accordingly, Thorne has inadequately briefed his claim and, therefore, has effectively abandoned it. *See United States v. Knezek*, 212 F. App'x 321 (5th Cir. 2007).

AFFIRMED

---

[1] To the extent that Thorne argues that the district court erred in not granting his motion for default judgment, we disagree. We review a district court's denial of a motion for default judgment for abuse of discretion, keeping in mind that a default judgment is a drastic remedy that should only be resorted to by courts in extreme situations. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Thorne did not present to the district court, and has not presented to this court, facts indicating that this case presents such an extreme situation.