# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40067
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2015

Lyle W. Cayce
Clerk

GEORGE FOXX,

Plaintiff–Appellant,

versus

MY VINTAGE BABY, INCORPORATED; JESSICA SMITH WISWALL;
VINTAGE COUTURE INCORPORATED,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-593

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

George Foxx appeals the dismissal of his purported securities fraud complaint for failure to state a claim under Federal Rule of Civil Procedure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40067

12(b)(6).  Appearing *pro se*, Foxx asserted claims of gross negligence, fraud, and misrepresentation arising from a "pump and dump" scheme in which third-party stock promoters falsely inflated the price of stock in My Vintage Baby, Incorporated ("MVBY"), then sold it at substantial profit without making legally required disclosures.  Jessica Wiswall is the only appellee appearing; the two corporate defendants seem to have been dissolved, though we make no such finding.

Claims may be dismissed if the plaintiff fails to allege facts that, if accepted as true, would entitle him to relief.  FED. R. CIV. P. 12(b)(6).  We review the "dismissal de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted).  But a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see Varela v. Gonzales*, 773 F.3d 704, 710 (5th Cir. 2014).  A plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Foxx alleged fraud, he also needed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires him to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (citation omitted).  "Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied [it] when the parties have not urged a separate focus on the negligent misrepresentation claims" or where, as here, the "fraud and

No. 15-40067

negligent misrepresentation claims are based on the same set of alleged facts." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).

In this court, Foxx has failed to address either the applicability of Rule 9(b) or the district court's conclusion that he did not make sufficient factual allegations. Foxx has thus waived the issues essential to his appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (stating that issues not briefed are abandoned); *American States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) (explaining that failure to provide legal or factual analysis of issue results in its waiver).

In any event, the dismissal must be affirmed because Foxx's complaint fails to allege facts that, if true, would have supported his bare assertions that Wiswall was negligent and committed fraud. The complaint, like Foxx's *pro se* brief on appeal, consists of "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin*, 407 F.3d at 696. Although Foxx may have adequately alleged that the pump-and-dump scheme harmed him, he offers nothing that, if true, would establish Wiswall's involvement or culpability. The complaint merits dismissal. *See* FED. R. CIV. P. 12(b)(6); *Varela*, 773 F.3d at 710, 712.

Because Wiswall established that Foxx failed to state a cause of action, that defense inures to the benefit of the corporate defendants where Foxx offers only bare assertions to the contrary. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *American States*, 133 F.3d at 372. Foxx was not entitled to a default judgment as a matter of right, even if the corporate defendants were technically in default. *See Lewis*, 236 F.3d at 767.

The judgment is AFFIRMED.

3