# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-10382
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

DEMITRI BROWN; DONNA EVANS-BROWN,

Plaintiffs-Appellants

v.

CHRISTOPHER B. BRIDGES; ROBERTA SHIELDS; DISTURBING THA PEACE ENTERTAINMENT COMPANY, INCORPORATED,

Defendants-Appellees

————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4947

————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Demitri Brown and his wife, Donna Evans-Brown, appeal the district court's dismissal of their claims for trademark infringement under Texas law and the award of summary judgment in favor of Christopher Bridges[1] on his counterclaim for trademark infringement under the Lanham Act. The Browns argue that the district court erred in refusing to enter a default judgment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Bridges is a recording artist known by the stage name Ludacris.

against Roberta Shields and Disturbing Tha Peace Entertainment Company ("DTPEC"), that the denial of summary judgment on their state-law claims based on the determination that the claims were barred by laches was erroneous, and that the award of summary judgment in Bridges's favor was similarly erroneous. They additionally assert, for the first time on appeal, that the district court should have recused itself. Because they did not move for recusal below, we do not consider this request. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2013).

The Browns' argument that they were automatically entitled to a default judgment against Shields and DTPEC is incorrect. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Further, because the record conclusively shows that Shields and DTPEC were never properly served, the Browns cannot show that the district court's refusal to grant a default judgment was error. *See Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 940 (5th Cir. 1999).

Regarding the dismissal of their state-law infringement claims, the Browns contend that the defense of laches was inapplicable, misapplied, or both. As they did below, the Browns assert that Bridges was not entitled to the equitable defense because he committed fraud in seeking to have Mr. Brown's trademark registration for "Disturbing the Peace" (the "Disturb Mark") cancelled by the United States Patent and Trademark Office ("USPTO") and intentionally did not serve Brown with notice of the petition for cancellation at his prison address. They fail to address the district court's determination that there was no evidence in the record to support their conclusional assertions of fraud and intentional failure to serve. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). The record evidence instead shows that Bridges had no duty to serve Brown at his prison address rather than the address of record filed with the USPTO, that Bridges was in fact

unaware of Brown's prison address at the time he filed his petition for cancellation, that Brown was properly served by notice mailed to his official correspondence address and by publication after written notice was returned, and that it was Brown's affirmative duty to update his official correspondence address: Thus the claim that Bridges had unclean hands rendering him ineligible for laches fails. *Cf. Abraham v. Alpha Chi Omega,* 708 F.3d 614, 620 (5th Cir. 2013).

The Browns' argument that laches was misapplied because there was no inexcusable delay is similarly unavailing. As the district court correctly determined, "the period for laches begins when the plaintiff[s] knew or should have known of the" defendant's injurious conduct, not, as the Browns urge, when they actually became aware of it. *See Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998). Because the record establishes that the Browns did not file their state-court lawsuit until August 2012, more than eight years after they knew or should have known of the alleged infringement due to Bridges's USPTO petition for cancellation of the Disturb Mark, they cannot demonstrate any error in the district court's determination that they unreasonably delayed and that their state-law claims were therefore barred by laches. *See id.* Further, the Browns' argument that laches could not apply to bar their claim for injunctive relief is incorrect. *See Abraham*, 708 F.3d at 626.

Finally, the Browns have not shown any error in the district court's order granting summary judgment on Bridges's federal trademark infringement claim. To prevail, Bridges was required to show (1) that he possesses a legally protectable trademark and (2) that the Browns' use of this trademark "creates a likelihood of confusion as to source, affiliation, or sponsorship." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). If their brief is liberally construed, the Browns challenge only the summary-

judgment evidence to support the first element, essentially arguing that a disputed issue of material fact existed regarding whether Bridges's trademark registration for "Disturbing Tha Peace" (the "DTP Mark") is legally valid because it was the result of fraudulent and void USPTO cancellation proceedings.

The argument is without merit. The undisputed facts show that Bridges owns a valid and legally enforceable trademark registration for the DTP Mark, along with multiple related marks. The Browns' argument challenging the validity of those marks is merely a restatement of their conclusional assertion that the cancellation of Mr. Brown's Disturb Mark is void due to Bridges's fraudulent representations to the USPTO during the cancellation proceedings and Bridges's intentional failure to serve him at his prison address. Their conclusional arguments fail to defeat summary judgment given that there was no evidence to support them and that the undisputed record evidence instead showed that Bridges was unaware of Brown's prison address, that Bridges properly served him at his USPTO official correspondence address, that he was properly served by publication after the mailed notice was returned undeliverable, and that it was Brown's duty to update his address, which he failed to do. Consequently, summary judgment in Bridges's favor was appropriate. *See* FED. R. CIV. P. 56(a); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

AFFIRMED.