# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60818

United States Court of Appeals
Fif h Circuit

**FILED**

August 31, 2017

Lyle W. Cayce
Clerk

TRACY YOUNG,

      Plaintiff - Appellant

v.

ISOLA, MISSISSIPPI, By and Through its Mayor, Bobbie Miller; OFFICER MICHAEL KINGDOM, Individually; JOHN DOES 1-5; ISOLA POLICE DEPARTMENT, By and Through its Chief of Police, Charles Sharkey,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:15-CV-108

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

While Michael Kingdom served as a police officer for the City of Isola, Mississippi, he allegedly made sexually suggestive and offensive comments to Tracy Young on three occasions and grabbed her arm on one of those occasions. Young brought suit against Kingdom and Isola, as well as against Mayor Bobbie Miller and Police Chief Charles Sharkey in their official capacities only,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60818

asserting a variety of federal and state law claims. The district court granted summary judgment to Isola, Miller, and Sharkey (collectively, "Municipal Defendant") on all of Young's claims. It also dismissed all of Young's claims against Kingdom. We VACATE and REMAND the district court's dismissal of Young's assault claim against Kingdom. We otherwise AFFIRM the judgment of the district court.

I

Young worked as a clerk at a Double Quick convenience store ("Double Quick") located on Highway 49 in Humphreys County, Mississippi. Although Double Quick was "outside the corporate limits" of Isola, Isola police officers routinely refueled their police vehicles there and Double Quick offered on-duty officers one free drink per day.

Kingdom repeatedly went to Double Quick in uniform. In February 2014, he allegedly entered Double Quick and made sexually explicit and offensive comments to Young. Young reported the incident to her manager and filled out a report. Young and Kingdom allegedly had two additional encounters in October 2014. According to Young, Kingdom grabbed Young's arm and made sexually suggestive and offensive comments on October 14 or 15, 2014. On October 17, 2014, Kingdom walked into Double Quick and made comments about Young speaking with other men. Young laughed at him.

Young told her cousin, Alderman Lawrence Anderson, about her encounters with Kingdom, and he told her to report the incidents to the police. Young went to the Humphreys County Sheriff's Department on October 20, 2014 and filed a complaint against Kingdom. She later returned to the Sheriff's Department and spoke with Bubba Lloyd about her allegations. He called Young's manager and a coworker to discuss the allegations and obtained security camera footage of the October 17, 2014 incident from Double Quick. Sharkey also reviewed the footage, which did not have audio. He testified that

the footage showed Kingdom walking around Double Quick and Young laughing.

Young brought suit against Kingdom and Municipal Defendant, asserting a variety of federal and state law claims relating to her encounters with Kingdom. Municipal Defendant timely filed an answer, but Kingdom did not file any responsive pleading. The clerk later entered an entry of default against Kingdom.

Municipal Defendant moved for summary judgment, which Young opposed. Young and Municipal Defendant then submitted a pretrial order, approved by the district court, which provided that "[t]he pleadings are amended to conform to this pretrial order." Young asserted nine claims in the pretrial order. She asserted the following claims under § 1983: (1) violation of the right to procedural and substantive due process under the Fifth Amendment; (2) violation of the right to procedural and substantive due process under the Fourteenth Amendment; (3) violation of the right to equal protection under the Fourteenth Amendment; and (4) violation of the right against unreasonable seizure under the Fourteenth Amendment. Young also asserted a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, as well as four state law claims: (1) assault; (2) violation of the right to equal protection under the Mississippi Constitution; (3) violation of the right to procedural and substantive due process under the Mississippi Constitution; and (4) breach of the duty to exercise reasonable care in the hiring, training, and supervision of a sworn police officer.

The district court granted summary judgment to Municipal Defendant on all of Young's claims. It also dismissed Young's claims against Kingdom. Young timely appealed.

No. 16-60818

## II

This court reviews an order granting summary judgment *de novo*, "applying the same standard as the district court." *Vela v. City of Hous.*, 276 F.3d 659, 666 (5th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III

Young appeals the district court's grant of summary judgment. She argues that the district court erred by dismissing Young's claims: (1) against Kingdom; (2) under § 1983; (3) under § 1985; and (4) under Mississippi state law. We will address each of her arguments in turn.

## A

Young argues that the district court erred in dismissing her claims against Kingdom because: (1) Kingdom defaulted and did not move for summary judgment; and (2) there is a genuine dispute of material fact regarding her assault claim against Kingdom. But contrary to Young's assertions, the district court "did not err in allowing [Kingdom] to benefit from the [Municipal Defendant's] favorable summary judgment motion." *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). A "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* at 767 (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "[W]here a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant." *Id.* at 768 (internal quotation marks omitted). As such, the district court had the authority to dismiss Young's claims against Kingdom, despite his default.

Young argues in the alternative that the district court erred by dismissing her assault claim against Kingdom because there are genuine

disputes of material fact regarding that claim. We agree. Under Mississippi law, "[a]n assault occurs where a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension." *Morgan v. Greenwaldt*, 786 So. 2d 1037, 1043 (Miss. 2001). Young testified at her deposition that Kingdom "grabbed [her] arm" and made offensive comments about her and her relationship with her husband in October 2014.

Sharkey watched footage of the October 17, 2014 incident. He testified at his deposition that the video did not have audio, but that Young appeared to laugh. Young argues on appeal that the district court erred by considering Sharkey's testimony regarding the contents of the footage because it is inadmissible under Mississippi's best evidence rule. We need not resolve Young's evidentiary challenge because, even considering Sharkey's testimony, there is a genuine dispute of material fact regarding Young's assault claim against Kingdom. Viewing the evidence in the light most favorable to Young, Kingdom grabbed her arm during an incident on October 14 or 15, 2014, and Sharkey watched footage of a separate incident between Kingdom and Young on October 17, 2014. As such, we VACATE the district court's dismissal of Young's assault claim against Kingdom and REMAND to the district court for further proceedings.

B

Young argues that the district court erred in granting summary judgment to Municipal Defendant on her § 1983 claims. To establish a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *James v. Tex. Collin Cty.*,

No. 16-60818

535 F.3d 365, 373 (5th Cir. 2008)). A governmental entity cannot be held vicariously liable under § 1983. *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). As such, a plaintiff bringing a § 1983 claim against a governmental entity must also establish that "the action that is alleged to be unconstitutional" was caused by a custom or policy of that governmental entity. *Id.* (quoting *Monell*, 436 U.S. at 690). The district court held that Young failed to establish any underlying constitutional violation and that, even if she had, she failed to establish municipal liability under *Monell*. It did not decide whether Kingdom acted under color of state law.

In her initial brief, Young addresses only her underlying claim for violation of the right to substantive due process under the Fourteenth Amendment. But Young failed to make her arguments regarding substantive due process before the district court. As such, these arguments are waived on appeal. *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009).

Young fails to address her underlying constitutional claims for violation of the right to substantive due process under the Fifth Amendment, violation of the right to equal protection under the Fourteenth Amendment, and violation of the right against unreasonable seizure under the Fourteenth Amendment in her initial appellate brief. This failure "constitutes a waiver of the right to have us review" these claims. *Health Care Serv. Corp. v. Methodist Hosps. of Dall.*, 814 F.3d 242, 252 (5th Cir. 2016) (failure to challenge district court's determination of a certain issue in initial appellate brief waives review of that determination). That Young addresses her claim for violation of the right to equal protection under the Fourteenth Amendment in her reply brief does not change the waiver analysis. *See id.*

No. 16-60818

Because we hold that Young waived review of her arguments regarding her underlying constitutional claims against Municipal Defendant, we do not address whether Kingdom acted under color of state law or whether Young established municipal liability under *Monell*.

C

Young summarily argues that the district court erred in granting summary judgment to Municipal Defendant on her § 1985 conspiracy claim, asserting without record citation that Municipal Defendant conspired against her. To establish a claim under § 1985(3), a plaintiff must show that "(1) a racial or class-based discriminatory animus lay behind the conspiracy and (2) the conspiracy aimed to violate rights protected against private infringement." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001). The district court concluded, among other things, that Young "failed to present any proof that, even if the Municipal Defendant conspired to dissuade her from asserting her sexual harassment claim, it did so based on any gender-based discriminatory animus." Young fails to argue in her initial appellate brief that Municipal Defendant conspired against her based on *any* discriminatory animus. Young has thus waived review of this issue. *See Health Care Serv. Corp.*, 814 F.3d at 252.

D

Young argues that the district court erred in granting summary judgment to Municipal Defendant on her state law claims. Young asserted four claims under Mississippi state law: (1) assault; (2) violation of the right to equal protection under the Mississippi Constitution; (3) violation of procedural and substantive due process under the Mississippi Constitution; and (4) breach of the duty to exercise reasonable care in the hiring, training, and supervision of a sworn police officer. But Young fails to address the first three claims

against Municipal Defendant in her initial appellate brief. As such, she waived review of these issues. *See id.*

We reject Young's challenge of the district court's grant of summary judgment regarding her claims for breach of duty to exercise reasonable care in the hiring, training, and supervision of Kingdom. The district court held that Municipal Defendant was immune from suit on these claims under the Mississippi Tort Claims Act ("MTCA"). The MTCA "is the exclusive civil remedy against a governmental entity or its employee for tortious acts or omissions which give rise to a suit." *Elkins v. McKenzie*, 865 So. 2d 1065, 1073 (Miss. 2003) (citing Miss. Code Ann. § 11-46-7(1)). A governmental entity is not liable under the MTCA for any claim "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused" or "[a]rising out of the exercise of discretion in determining . . . the hiring of personnel." Miss. Code Ann. § 11-46-9(1)(d), (g). The Mississippi Supreme Court held that "[t]he manner in which a police department supervises, disciplines and regulates its police officers is a discretionary function of the government" for which the governmental entity is immune to suit. *City of Jackson v. Sandifer*, 107 So. 3d 978, 987 (Miss. 2013) (quoting *City of Jackson v. Powell*, 917 So. 2d 59, 74 (Miss. 2005)). Municipal Defendant is thus not liable under the MTCA for Young's claims that it breached its duty to exercise reasonable care in the hiring, training, and supervision of Kingdom.

IV

We VACATE and REMAND the district court's dismissal of Young's assault claim against Kingdom. We otherwise AFFIRM the judgment of the district court.