# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40142
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2019

Lyle W. Cayce
Clerk

JOE BLESSETT,

Plaintiff-Appellant

v.

TEXAS OFFICE OF THE ATTORNEY GENERAL GALVESTON COUNTY CHILD SUPPORT ENFORCEMENT DIVISION,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:17-CV-164

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joe Blessett, proceeding pro se, appeals the district court's dismissal of his civil complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman*[1] doctrine. He argues that the *Rooker-Feldman* doctrine is inapplicable because he did not receive notice of any of the judicial acts entered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

against him in state court and because he is seeking to set aside state court judgments obtained by extrinsic fraud. Blessett also complains that the district court erroneously denied his motions for entry of a default judgment and his motion for leave to file an amended complaint.

We review the grant of a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of jurisdiction de novo. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). In reviewing the dismissal order, we view "the well-pled factual allegations of the complaint as true" and construe them "in the light most favorable to the plaintiff." *Id.*

The *Rooker-Feldman* doctrine dictates that federal district courts lack subject matter jurisdiction over lawsuits that effectively seek to "overturn" a state court ruling. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

Our review of the complaint reveals that Blessett asserted claims that collaterally attack the state court divorce decree and judgments concerning paternity and child support, as well as claims that assert constitutional violations relating to the enforcement of the state child support judgments. The former claims are barred under the *Rooker-Feldman* doctrine because they "invit[e] district court review and rejection" of the state divorce decree and child support judgments. *See Exxon Mobil*, 544 U.S. at 284. Moreover, it is of no help to Blessett that he claims he failed to receive notice of any hearing in relation to the child support arrearage judgment of July 13, 2015, as "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

No. 18-40142

We reach a different result as to Blessett's claims that the defendant and its "contractors" engaged in fraud and violated his constitutional rights in their efforts to enforce and collect the state child support judgments. Because such claims do not ask the district court to review and reject a final order of a state court, they are not barred under the *Rooker-Feldman* doctrine. *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382-84 (5th Cir. 2013). Accordingly, we vacate the dismissal of such claims and remand to the district court.

As noted, Blessett also challenges the district court's denial of his motions for entry of default judgment against the defendants based on their failure to answer his amended complaint. This challenge ignores that the district court denied leave to file the amended complaint, and thus the defendants were under no obligation to respond to an unfiled pleading. *See* FED. R. CIV. P. 12(a)(1)(A). Accordingly, the district court did not abuse its discretion in denying Blessett's motions for entry of a default judgment against the defendants. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

In view of the above determinations, it is unnecessary to consider Blessett's arguments concerning the district court's denial of his motion seeking leave to file an amended complaint.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.