# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 21-30142
Summary Calendar

NaKisha Jackson,

*Plaintiff—Appellant*,

*versus*

Kristy Wilson,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CV-1626

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

NaKisha Jackson appeals the district court's dismissal of her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). She contends that a default judgment should have been entered against the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30142

defendant, Kristy Wilson, because Wilson was properly served and failed to file an answer within the time provided under Rule 12(a)(1)(A)(i).

There is no entitlement to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Even if we assume that Jackson satisfied the service requirements in this case, there was no abuse of discretion on the issue of a default judgment given the district court's determination that Jackson's factual allegations, even if found true, failed to state a claim upon which relief could be granted. *See id.* at 767-68. While Jackson's appellate brief recounts the facts underlying her claims, she does not brief any argument challenging the district court's legal conclusion that she failed to state a claim of malicious prosecution because one of the elements of such a claim under Louisiana law is a termination of the disputed legal proceeding in the plaintiff's favor. She likewise fails to brief any argument challenging the district court's determination that Louisiana law disallows claims of defamation or perjury based on a witness's testimony in a judicial or quasi-judicial proceeding. Thus, Jackson has failed to show that those determinations were erroneous. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (recognizing that even pro se litigants must brief arguments in order to maintain them).

To the extent that Jackson raises a challenge regarding disqualification of a judge under 28 U.S.C. § 455(a), she has not shown that there was an abuse of discretion on the issue. *See United States v. Mizell*, 88 F.3d 288, 299-300 (5th Cir. 1996). Nor has she demonstrated any error in the procedure employed in the district court. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

The district court's judgment is AFFIRMED, and Jackson's motion to expedite the appeal is DENIED.