# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2022

Lyle W. Cayce
Clerk

No. 21-40209
Summary Calendar

---

Fred G. Martinez,

*Plaintiff—Appellant*,

*versus*

Nueces County; Sheriff Jim Kaelin; All Booking Officers Under His Direction, *Individually and in their full capacity*; Officer Perales; Officer Zapata; Officer John Doe; Texas Commission of Jail Standards; Inspector Jackie Benningfield; Assistant Director Shannon J. Herklotz,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-158

---

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40209

Fred G. Martinez, Texas prisoner # 2061834, filed a 42 U.S.C. § 1983 suit against, inter alia, Officer Anthony Perales and Officer Javier Zapata (defendants), in which he challenged the conditions of his confinement at the Nueces County Jail (NCJ). The district court granted the defendants' second motion for summary judgment for failure to exhaust administrative remedies and dismissed Martinez's claims against the defendants. He appeals that judgment and also moves for leave to file an out-of-time reply and leave to conduct additional discovery.

We review de novo a grant of summary judgment, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, LLC*, 636 F.3d 752, 754 (5th Cir. 2011). In general, summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Challenging the district court's grant of the defendants' second motion for summary judgment, Martinez contends that the defendants waived the affirmative defense of exhaustion by not raising it in their first motion for summary judgment. Martinez also asserts that administrative remedies were unavailable because the NCJ grievance procedures were ineffective. He further urges that the defendants engaged in fraud and that the defendants' untimely answer amounted to a waiver of the exhaustion defense. Martinez also claims that delayed discovery of facts surrounding the substantive nature of his claims implicated the requirement that he exhaust administrative remedies.

Martinez's waiver argument is unavailing as the defendants raised the exhaustion defense in their answer to Martinez's complaint. *See* Fed. R.

CIV. P. 12(a)(1)(A), (b); *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). To the extent Martinez challenges the district court's factual finding that he had not exhausted the NCJ procedures, he has not established a genuine dispute regarding those facts as he filed a grievance with the Texas Committee on Jail Standards rather than complying with the NCJ grievance procedures. *See Jones*, 549 U.S. at 211; *Anderson*, 477 U.S. at 248.

Additionally, Martinez's mere disagreement with the effectiveness of the NCJ grievance procedure is insufficient to overcome the exhaustion requirement. *See Porter v. Nussle*, 534 U.S. 516, 523-24 (2002). He also has not demonstrated a genuine factual dispute regarding fraud and its alleged impact on the preservation of the defendants' exhaustion defense. *See Anderson*, 477 U.S. at 248. Similarly, Martinez has offered no support for his claim that delayed discovery somehow excused him from the exhaustion requirement. Therefore, the district court did not err in granting the defendants' motion for summary judgment. *See id.*; *Nickell*, 636 F.3d at 754.

Martinez also asserts that the district court erred by denying his motions for default judgment based on an untimely answer by the defendants to his complaint, but he has not demonstrated that this drastic remedy was warranted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Similarly, although he raises several issues surrounding discovery in this matter, Martinez has not demonstrated that either the district court or the defendants committed any discovery violations.

Next, Martinez claims that the district court should have held an evidentiary hearing in this matter so that he could have further developed his claims against the defendants. However, Martinez does not argue that he had evidence of exhaustion that he could have submitted if the district court had conducted a hearing and has made no attempt to show how further factual

development or discovery would have altered the outcome of his case. Given Martinez's failure to exhaust, a hearing to address evidence relating to Martinez's underlying civil rights claims was unnecessary. Martinez therefore has not shown that the district court erred or abused its discretion on this basis. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285-86 (5th Cir. 1990).

Martinez also contends that the district court erred in denying his motions for appointment of counsel, but he has not shown any abuse of discretion by the court in its rulings. *See Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). Finally, although he asserts otherwise, Martinez has shown no error in the magistrate judge making pretrial rulings in this matter and issuing reports and recommendations to the district court judge. *See* 28 U.S.C. § 636(b)(1).

The judgment of the district court is AFFIRMED. The motion for leave to file an out-of-time reply is GRANTED; the motion to strike the appellees' brief as untimely is DENIED; and the motion for leave to conduct additional discovery is DENIED.