# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2025

Lyle W. Cayce
Clerk

No. 24-40669
Summary Calendar
_____

Randall T. Greenough,

*Plaintiff—Appellant*,

*versus*

Sharilla Gray,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:21-CV-75

_____

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Randall T. Greenough, Texas prisoner # 2180810, filed a civil rights complaint raising claims against correctional officer Sharilla Gray that were dismissed by the district court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On appeal, Greenough challenges the dismissal of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40669

those claims, the denial of a motion for default judgment, and the denial of motions for appointment of counsel.

We note first that we lack jurisdiction to review unobjected-to rulings by the magistrate judge on Greenough's motions for appointment of counsel. *See Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021). That portion of the appeal must accordingly be dismissed. *See id.*

This court reviews the denial of entry of a default judgment for abuse of discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Greenough argues that he was entitled to a default judgment because Gray's motion to dismiss was out of time. The record, which reflects that Gray complied with the order to answer by filing her motion 40 days after the order was sent, shows otherwise. As Gray was not in default, the denial of a default judgment was not an abuse of discretion. *See id.*

Greenough's initial brief does not address the district court's reasons for granting Gray's motion to dismiss. While pro se filings are afforded liberal construction, even a pro se litigant must brief arguments to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Greenough has not adequately briefed, and has therefore abandoned, any challenge to the ruling on Gray's motion. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Accordingly, the portion of Greenough's appeal concerning appointment of counsel is DISMISSED for want of jurisdiction; in all other respects, the judgment of the district court is AFFIRMED. Greenough's pending motions for appointment of counsel are DENIED. *See McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012).